UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KAY KIM, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GEORGE F. PARKER, M.D., et al., )<br>)<br>Defendants. ) | No. 1:09-cv-829-DFH-JMS |

**Entry Discussing Motion to Dismiss of Indiana University**

This cause is before the court on the unopposed motion to dismiss defendant Indiana University ("IU"). That motion is premised on IU's argument that the complaint of Kay Kim fails to state a claim upon which relief can be granted as to it. Such a disposition is authorized under certain circumstances by Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.,* 249 F.3d 672, 675-76 (7th Cir. 2001). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

IU's motion to dismiss is **granted** in this case for two reasons. First, Kim's complaint does not contain a claim with facial plausibility against IU. The only connection between any allegation of misconduct affecting Kim and IU is that IU employs Dr. Parker, who performed a court-ordered mental examination of Kim. This connection is insufficient to support liability under 42 U.S.C. § 1983. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). Second, as a state university, IU shares Indiana's Eleventh Amendment immunity, e.g., *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dept.,* 510 F.3d 681 (7th Cir. 2007); *Kashani v. Purdue Univ.,* 813 F.2d 843 (7th Cir. 1987), and there are no circumstances alleged or discernible here suggesting that such immunity would not be fully operative.

For the reasons explained above, therefore, IU's motion to dismiss (dkt 17) is **granted.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: August 24, 2009

Distribution:

Kay Kim
4250 Village Parkway
Unit 2
Indianapolis, IN 46254

Elizabeth Ann Schuerman
TABBERT HAHN EARNET& WEDDLE LLP
lschuerman@tabberthahn.com

Robert G. Weddle
TABBERT HAHN EARNET& WEDDLE LLP
rweddle@tabberthahn.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Jennifer Marie Johnson
ICE MILLER LLP
jennifer.johnson@icemiller.com

David J. Mallon JR
ICE MILLER LLP
mallon@icemiller.com